# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY DOUGLAS, | ) |
| Plaintiff, | ) )  ) |
| vs. | ) ) Civil Action No. 14-1266 |
| ORLANDO HARPER Warden, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM ORDER

On September 16, 2014, Plaintiff Ricky Douglas ("Plaintiff") filed a Motion for Leave to Proceed In Forma Pauperis. Attached to the Motion was a Complaint wherein Plaintiff alleged civil rights violations based upon his conditions of confinement at the Allegheny County Jail ("ACJ"). On September 19, 2014, Plaintiff filed a Motion For Appointment of Counsel. The Motion was referred to Magistrate Judge Kelly, who, on September 23, 2014 issued an Order denying the Motion on the grounds that: (1) "Plaintiff has not convinced the Court that this case meets the 'special circumstances' under Local Rule 10.C. [which states: '[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved'] that would merit the grant of his Motion to Appoint Counsel;" and (2) Plaintiff has not "convinced the Court at this early stage of the proceedings that his claims meet the threshold showing of arguable merit [in fact or law] under Parham [v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997)] and Tabron [v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)]." Id. at p. 2. Notably, the Magistrate Judge further held that "[t]his denial of Plaintiff's Motion To Appoint Counsel is without prejudice to his filing another motion to appoint counsel but only after any and all dispositive motions have been decided."

Plaintiff appealed Judge Kelly's Order denying the Motion For Appointment of Counsel and this Court was assigned to preside over the case on October 7, 2014.

The Federal Magistrates Act provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. See 28 U.S.C. § 636(b)(1)(A); accord Fed.R.Civ.P. 72(a), (b); Local Civil Rule 72.1.3; see also Cipollone v. Liggett Group, Inc., 875 F.2d 1108, 1113 (3d Cir.1986) cert. denied, 484 U.S. 976 (1987). A magistrate judge's decision to deny a motion to appoint counsel is a nondispositive matter that must be reviewed by the district court under a clearly erroneous or contrary to law standard.

Applying this standard to Plaintiff's Motion, we find that Magistrate Judge Kelly's denial of Plaintiff's Motion for Appointment was neither clearly erroneous nor contrary to law. As concluded by Judge Kelly, it is not yet clear whether Plaintiff's Complaint has any merit, either in fact or in law, as required under the Parham, *supra.* and Tabron, *supra.* decisions and his Complaint does not satisfy the stringent requirement of our Local Civil Rule 10.C that only in "special circumstances" should a request for counsel be granted before dispositive motions have been resolved.

Having so found, the following Order is entered:

AND NOW, this 20th day of October, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Appeal of Magistrate Judge Kelly's Order denying the Motion For Appointment of Counsel is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Court Judge

2