IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY DOUGLAS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-1266 |
| | ) | |
| | ) | Judge Maurice B. Cohill/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| ORLANDO L. HARPER *Warden*; | ) | |
| DEPUTY WARDEN ENRICK; C/O | ) | |
| BOZACK; C/O YOUNG; C/O ZOLLER, | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 7, be dismissed for failure to prosecute.

**II.    REPORT**

Plaintiff Ricky Douglas has presented a civil rights complaint against Defendants Orlando L. Harper, Deputy Warden Enrick, C/O Bozack, C/O Young and C/O Zoller, alleging that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, when they placed him in disciplinary and/or administrative custody upon confinement at the Allegheny County Jail, and otherwise subjected him to humiliation and verbal abuse, and tampered with his food trays.

On January 5, 2015, and January 7, 2015, this Court received copies of Orders dated October 7, 2014, and December 15, 2014, which were mailed to Plaintiff's address of record indicating that Plaintiff has been released. On January 9, 2015, this Court issued an Order

1

directing Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to keep the Court informed of his current address. The Order to Show Cause was returned to the Court on February 3, 2015. To date, Plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders and failure to notify the Court of his change of address so that the case could proceed which weigh heavily against him. Plaintiff's failure to notify the Court of his change of address and failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so even six weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to

2

Defendants other than general delay as the Defendants have not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                              Respectfully submitted,

                                              /s/Maureen P. Kelly
                                              Chief United States Magistrate Judge

Dated: February 17, 2015

cc:      The Honorable Maurice B. Cohill
          United States District Judge

          Ricky Douglas
          164550
          Allegheny County Jail
          950 Second Avenue
          Pittsburgh, PA 15219